# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2021

Lyle W. Cayce
Clerk

No. 20-20514
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ERIC BEVERLY,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-215-1

---

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:[*]

A jury convicted Eric Beverly of four counts of aiding and abetting armed bank robbery, one count of aiding and abetting attempted armed bank robbery, and five counts of aiding and abetting brandishing a firearm during a crime of violence. On appeal, Beverly contends that the evidence was

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

insufficient to support his armed bank robbery and attempted armed bank robbery convictions because (1) the Government was unable to provide cell phone data that linked him to the first two robberies or that conclusively established that he was in any of the other banks at the time of the robberies; (2) bank employees testified that they could not identify the masked robbers; (3) the Government presented no DNA evidence; and (4) the accomplices who testified against Beverly were not credible. For the same reasons, Beverly argues that there was insufficient evidence supporting his convictions for brandishing a firearm during a crime of violence because the robbery offenses were the predicate crimes for those convictions.

Because Beverly did not preserve his sufficiency challenges, we review for plain error. *See United States v. Oti*, 872 F.3d 678, 686 (5th Cir. 2017). Under this standard, Beverly must show that there was a "manifest miscarriage of justice, which occurs only where the record is devoid of evidence pointing to guilt or the evidence is so tenuous that a conviction is shocking." *Id.* (internal quotation marks and citation omitted). As with a preserved sufficiency claim, "[t]he jury has responsibility for determining the weight and credibility of testimony and evidence," *United States v. Green*, 293 F.3d 886, 895 (5th Cir. 2002), and we will not second-guess the jury's reasonable determinations of evidentiary weight and witness credibility, *United States v. Mendoza*, 522 F.3d 482, 489 (5th Cir. 2008). Further, even "uncorroborated testimony of an accomplice or of someone making a plea bargain with the [G]overnment" can support a conviction. *United States v. Chapman*, 851 F.3d 363, 378 (5th Cir. 2017) (internal quotation marks and citation omitted); *see also Mendoza*, 522 F.3d at 489 ("Evidence consisting entirely of testimony from accomplices or conspirators is sufficient.").

Here, two of Beverly's accomplices provided detailed testimony about how Beverly planned and committed the crimes of conviction. They identified Beverly in surveillance videos of the robberies that were played for

No. 20-20514

the jury. Their testimony was corroborated by a text message sent by Beverly about the robberies and by the available cell phone data. In light of this testimony and evidence, Beverly fails to demonstrate a miscarriage of justice under the plain error standard. *See Oti*, 872 F.3d at 686; *Chapman*, 851 F.3d at 378; *Mendoza*, 522 F.3d at 489.

AFFIRMED.